IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| TEKVOKE LLC v. | CASE NO. |
|---|---|
| DIALOGTECH INC. | 1-20-CV-00452-MN |
| FUZE, INC. | 1-20-CV-00453-MN |
| GRANDSTREAM NETWORKS, INC. | 1-20-CV-00454-MN |
| VOYANT COMMUNICATIONS, LLC | 1-20-CV-00455-MN |

**RESPONSE TO SHOW CAUSE ORDER (D.I. 5)**

On April 2, 2020, the Court issued an Oral Order in the above-captioned cases stating that:

ORAL ORDER - Having discovered that cases alleging infringement of the same '343 patent asserted in this case have been filed in this District, including C.A. Nos. 19-2205, 19-2206, and 20-452 through 20-455, and in other judicial districts, and that the instant action was not marked as related to the previously filed cases, IT IS HEREBY ORDERED that, no later than Monday, April 6, 2020, Plaintiff's counsel shall SHOW CAUSE why Plaintiff's counsel should not be sanctioned for failing to identify all of these cases as related as required by the Delaware Local Rules. See D. Del. LR 3.1(b) ("Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action previously decided or pending in this or any other federal district court. Civil actions are related if they...[i]nvolve the same patent....").

Counsel for Plaintiff Tekvoke LLC hereby responds to the Order.

**Explanation Of Deficiency**

The Court is correct that the civil cover sheets filed in the above-captioned cases were deficient in not listing prior cases that that had been filed in this District and in other district courts.

As an explanation, and not as an excuse, for the deficiency, Counsel states that, although Counsel regularly refers to the District of Delaware Local Rules for guidance, and had read through all the Local Rules when they were last amended, Counsel had not focused on LR 3.1(b). In

- 1 -

preparing JS 44, the Civil Cover Sheet, Counsel had attempted to follow the instructions for JS 44. Those instructions stated:

> VIII. Related Cases. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Following the instructions, Counsel believed that only pending cases were required to be listed on JS 44. Further, Counsel had always understood that the intent behind the statement of related pending cases was to alert the Clerk to assign common cases to a single Judge. Thus, Counsel understood that only pending cases in this District were to be listed.

Counsel's understanding was obviously incomplete, as, notwithstanding the JS 44 instructions, LR 3.1(b) required a listing of not only cases pending in this District, but also decided cases (which Counsel understands mean any terminated cases) and cases from other district courts. The Local Rule obviously takes primacy over the JS 44 instructions and Counsel should have focused on LR 3.1(b) and not relied on the JS 44 instructions.

In these cases, there was another error. Counsel had not been aware that other counsel had previously filed two prior cases involving the same Plaintiff and same patent. In fact, Counsel had erroneously believed he was filing the first cases in this District that involved the Plaintiff and the patent. Counsel was actually surprised in discovering that other counsel had filed two earlier cases involving the same client and patent.

### Rectifying the Deficiencies

Upon receiving the Court's Oral Order, Counsel immediately prepared a listing of all pending and terminated cases involving the Plaintiff, and filed an Amended Civil Cover Sheet (JS 44) in all the above-captioned cases correcting the previous error, and attaching a complete list of all pending and terminated cases, including the case name of all prior cases, the court where the

prior case is or had been pending, the case number, the Judge assigned to the case, and whether the case is pending or had been terminated.

Counsel has also begun a review of all pending cases in which he is counsel to make sure that the Civil Cover Sheets in those cases are in compliance with LR 3.1(b).  In addition to the cases filed for Internet Media Interactive Corp., which the Court has already flagged and where Counsel has already filed Amended Civil Cover Sheets, Counsel is also concurrently filing Amended Civil Cover Sheets in a series of case for Mentone Solutions, LLC, where, again the Civil Cover Sheet did not include cases filed in other Districts.  Similar Amended Civil Cover Sheets will be filed in all other pending cases if required to comply with LR 3.1(b).

Finally, Counsel has advised other Delaware counsel and non-Delaware counsel involved in cases in this District of the importance of focusing on LR 3.1(b).

### Request to Waive Sanctions

Counsel respectfully requests that the Court not enter a sanction in this matter.  While it is indisputable that Counsel had failed to comply with LR 3.1(b), the non-compliance was inadvertent and did not result in any prejudice or harm.

Counsel notes that he was admitted to the bar of the District of Delaware in November 1976, and this is the first time that Counsel had encountered any issue as to the preparation or filing of a Civil Cover Sheet by any person in any case.  Because no issue related to Civil Cover Sheets had ever been raised, Counsel did not focus on LR 3.1(b), and just followed the JS 44 instructions as he understood those instructions, and as informed by Counsel's understanding of the purpose of the statement of related cases.

Counsel will take particular care to comply with LR 3.1(b) in the future.

- 4 -

**Conclusion**

In view20- of the foregoing facts and circumstances, counsel respectfully requests that no sanction be entered because the error was inadvertent and there was no harm or prejudice.

Dated: April 6, 2020                    Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY & ERNST, LLC
824 N Market St, Ste 1001A
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorneys for Plaintiff,
Tekvoke LLC***